UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNIETD STATES OF AMERICA

vs.                                          Case No.:   3:16-cr-00093-TJC-JRK-1

CORRINE BROWN

_____

## MOTION FOR EARLY DISCLOSURE OF BRADY MATERIAL

Defendant, Congresswoman Corrine Brown, by and through undersigned counsel, hereby requests that this court enter an order requiring the Government to disclose all Brady material by immediately. For the reasons outlined below, Brown takes the position that that *Brady* material is required to be disclosed by the United States immediately upon its discovery by the United States. WHEREFORE, defendant moves the Court to enter its Order requiring the United States to immediately disclose any and all *Brady* material that may be ordered to be disclosed to defendant.

## MEMORANDUM OF LAW

The issue raised by this motion is at what stage in the proceeding must the duty of disclosure of *Brady v. Maryland,* 373 U.S. 83 (1976) and its progeny be fulfilled. The defendant submits that disclosure should be required immediately upon discovery of such materials by the Government in order that the defendant be afforded sufficient opportunity to make appropriate use of *Brady* information. *See, e.g., United States v. Bailey,* 123 F.3d 1381, 1398 (11th Cir. 1997) (disclosure must not be provided too late to be used efficiently). Brown submits that the Court in this case should follow the emerging trend of ensuring that *Brady* material is disclosed early. There is simply no justifiable reason to delay the disclosure of such material and the

1

Government will not be unfairly prejudiced by giving Brown favorable information at an early date.

Currently, at least thirty-one districts require *Brady* material to be disclosed essentially at the commencement of prosecution. *Brady v. Maryland Material in the United States District Courts: Rules, Orders, and Policies, Report to the Advisory Committee on Criminal Rules of the Judicial Conference of the United States* (Federal Judicial Center May 31, 2007 ("FJC Report") at 16-17.

Of the districts surveyed in the FJC Report, three actually required production of *Brady* material at the time of arraignment. *Id.* A series of other districts require such production within 5, 7, 10, 14 or 20 days after arraignment or a not guilty plea. *Id.* Others require production within a reasonable time after arraignment or within a specified number of days after entry of the court's order.

The authors of the FJC Report surveyed not only district rules but the law of *Brady* and its progeny, noting that prosecutors represent a sovereign "whose interest…in a criminal prosecution is not that it shall win a case, but that justice shall be done." *Id.* at 2, *quoting, Kyles v. Whitley*, 514 U.S. 419, 439 (1995). Notwithstanding the constitutional importance of *Brady*, the authors of the FJC Report also noted one law review article, among others, that commented on the "dissonance between Brady's grand expectation to civilize U.S. criminal justice and the grim reality of its largely unfilled promise." Bennett L. Gershman, *Reflections on Brady v. Maryland*, 47 S.Tex.L.Rev. 685, 686 (2005-2006), quoted in FJC Report, *supra* at 3. The study also noted a suggested, creative, proposed remedy when *Brady* was only disclosed during or very shortly prior to trial: The court instructing the jury on the duty to disclose and allowing the defendant to argue that the government's failure to disclose raises a reasonable doubt of guilt. FJC Report at 4, *citing,*

2

Elizabeth Napier Dewar, *A Fair Trial Remedy for Brady Violations,* 115 Yale L.J. 1450 n.13 (2006).

Turning specifically to the Eleventh Circuit, courts have found that delayed disclosure of *Brady* Material may be grounds for reversal where the material comes so late that it cannot be effectively used. *United States v. Beale*, 921 F.2d 1412, 1426 (11th Cir. 1991) Substantial prejudice results from non-disclosure of require where the defendant is unduly surprised or lacks an adequate opportunity to prepare a defense. *United States v. Camargo-Vergara*, 57 F.3d 993, 998 (11th Cir. 1995). While case-law interpreting *Brady* does not provide a bright-line standard for when *Brady* material must be disclosed, the complexity of this case warrants mandating early disclosure. *See United States v. Nelson*, Case No. 3:10-cr-J-TEM at 12-13 (M.D. Fla.) (Order entered November 8, 2010) ("the complexity of the case and the absence of prejudice to the government warrants the early production of all *Brady, Giglio, and Kyles* material and any Rule 404(b) material . . ."). This case involves a 24-count indictment that alleges, inter alia, the existence of a conspiracy that dates back to 2011. Substantial time will be required to analyze any exculpatory information disclosed by the government in order to use it effectively at trial.

Additionally, other courts in the Eleventh Circuit have taken note of the emerging trend to require early disclosure of *Brady* material. In the Northern District of Florida, *Brady* information must be disclosed five days after arraignment. L.R. 26.3(D)(2) (N.D. Fla.). In the Southern District of Florida, *Brady* information must be disclosed fourteen days from issuance of the court's discovery order. (L.R. 88.10(c) (S.D. Fla.). In the Southern District of Alabama, *Brady* information must be disclosed at the time of arraignment. L.R. 16.13(b)(1)(B) (S.D. Ala.). Given that early disclosure will not harm the Government, and late disclosure may pose a

substantial risk of prejudice to Brown, there is no reason this Court should not follow the examples of other courts in this Circuit and require early disclosure.

Respectfully submitted,

/s/

Wm. J. Sheppard, Esquire
Florida Bar No.: 109154
Elizabeth L. White, Esquire
Florida Bar No.: 314560
Matthew R. Kachergus, Esquire
Florida Bar No.: 503282
Bryan E. DeMaggio, Esquire
Florida Bar No.: 055712
Jesse B. Wilkison, Esquire
Florida Bar No.: 118505
Sheppard, White, Kachergus & DeMaggio, P.A.
215 Washington Street
Jacksonville, Florida 32202
Telephone:    (904) 356-9661
Facsimile:     (904) 356-9667
Email:           sheplaw@att.net
COUNSEL FOR DEFENDANT

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on a copy of the foregoing has been furnished to the following, this 20th day of July, 2016:

**Eric G. Olshan, Esquire**
**Deputy Chief**
**Public Integrity Section**
**United States Department of Justice**
**1400 New York Avenue, N.W.**
**Suite 12100**
**Washington, D.C. 20005**

**Michael Coolican, Esquire**
**Assistant United States Attorney**
**300 North Hogan Street**
**Suite 700**
**Jacksonville, Florida 32202**

**A. Tysen Duva, Esquire**
**Assistant United States Attorney**
**300 North Hogan Street**
**Suite 700**
**Jacksonville, Florida 32202**

**Daniel A. Smith, Esquire**
**Law Office of Daniel A. Smith**
**2064 Park Street**
**Jacksonville, Florida 32204**


_____
ATTORNEY

Ldh[[brown.corrine.early.brady.motion]]