UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA,   )
                            )
      Plaintiff,            )
                            )
v.                          )   CASE NO.: 3:16-cr-93-J-32JRK
                            )
CORRINE BROWN,              )
                            )
      Defendant.            )
_____)

**DEFENDANT'S SECOND MOTION TO CONTINUE SENTENCING HEARING AND MOTION TO RECONSIDER/REHEAR ORDER DENYING CONTINUANCE**

**COMES NOW DEFENDANT, Corrine Brown**, by and through the undersigned counsel and files this Second Motion to Continue Sentencing Hearing and Motion To Reconsider/Rehear Order Denying Continuance and says:

1. The Sentencing Hearing date is set for Thursday, November 16, 2017, at 10:00 a.m. (Doc. 202). The Presentence Report (PSR) was released on October 12, 2017, (Doc. 204) and, the PSR recommends a significant and lengthy prison time. On October 24, 2017, the Defendant previously filed a Motion For Continuance, opposed by the United States of America, to which the Court denied all relief. (Doc. 208).

2. The Defendant is seeking a sentence of probation and the undersigned is tasked with developing mitigation circumstances for sentencing.

3. The PSR fails to present sufficient information

Case 3:16-cr-00093-TJC-JRK   Document 209   Filed 10/31/17   Page 2 of 6 PageID 7631

USA v. Brown; Case Number: 3:16-cr-93-J-32JRK
Defendant's Second Motion To Continue Sentencing Hearing And Motion To Reconsider/Rehear Order Denying Continuance
Page **2** of **6**

concerning the history and characteristics of the defendant with regards to the full extent of the defendant's medical/physical condition. Although, the report makes reference to certain medical diagnoses, the defendant is still undergoing testing and evaluation by physicians at a local facility mentioned therein, for which additional suspected medical conditions have not yet been fully diagnosed. It is probable that the anticipated findings and evaluation are significant, and would supersede the information contained in the presentence report.

4.  Additional time for the defendant to complete the evaluation process, and receipt of medical records, is necessary to adduce such evidence for presentation at sentencing. These circumstances will establish a more complete picture of the defendant's medical/physical circumstances at sentencing. The omission of such information may impair the court's ability to impose a sentence that is sufficient, but not greater than necessary, according to the overall provisions of 18 U.S.C. § 3553(a).

5.  The PSR fails to present sufficient information concerning the history and characteristics of the defendant with regard to the defendant's mental and emotional condition. Although the report makes reference to the defendant seeking the assistance of a healthcare provider, she is still undergoing

Case 3:16-cr-00093-TJC-JRK   Document 209   Filed 10/31/17   Page 3 of 6 PageID 7632

USA v. Brown; Case Number: 3:16-cr-93-J-32JRK
Defendant's Second Motion To Continue Sentencing Hearing And Motion To Reconsider/Rehear Order Denying Continuance
Page **3** of **6**

evaluative treatment regarding the implications of certain abnormalities, which is necessary to fully diagnose the status of the effects of those abnormalities on her mental and emotional condition.

6. The PSR fails to present sufficient information concerning the history and characteristics of the defendant with regard to charitable service, and history of good works, prior to the offense. Numerous documents indispensable to establishing such information were destroyed in the defendant's home in the aftermath of hurricane Irma. Although the defendant has been diligently endeavoring to recreate those documents, several third-party custodians of records are still in the process of either reconstructing or reissuing such documents.

7. Additionally, much of the documentation of the defendant's history of charitable service and good works can be recreated through interviews of persons knowledgeable of those circumstances. Interviews of this sort are necessary to document and adduce such evidence for presentation at sentencing. Additional time is needed for such interviews to reestablish and reconfigure information that may assist the court in a proper assessment of the defendant's history and characteristics. The omission of such information may impair the court's ability to impose a sentence that is sufficient, but not greater than necessary, according to the overall provisions of 18 U.S.C. §

Case 3:16-cr-00093-TJC-JRK   Document 209   Filed 10/31/17   Page 4 of 6 PageID 7633

USA v. Brown; Case Number: 3:16-cr-93-J-32JRK
Defendant's Second Motion To Continue Sentencing Hearing And Motion To Reconsider/Rehear Order Denying Continuance
Page **4** of **6**

3553(a).

8. The PSR fails to present sufficient information concerning the history and characteristics of the defendant with regard to the physical condition of her residence, which was extensively damaged during hurricane Irma. Until pending approval, the residence is unavailable for the defendant's occupancy, and she has been required to deploy miscellaneous lodging. The defendant has continued to mitigate the damage to the residence in anticipation of future recovery of the property. Additional time is needed for the defendant to complete this process. The uniqueness of these circumstances require the defendant to continue to monitor this process to protect the investment in the property. The omission of such information may impair the court's ability to impose a sentence that is sufficient, but not greater than necessary, according to the overall provisions of 18 U.S.C. § 3553(a).

9. In addition, the PSR fails to present sufficient information concerning the statistical analysis, and, comparison of United States Sentencing Commission data on comparable sentences nationwide. This information is necessary to assess the issue of the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct. The omission of the missing information may impair the Court's ability to impose a sentence

Case 3:16-cr-00093-TJC-JRK   Document 209   Filed 10/31/17   Page 5 of 6 PageID 7634

USA v. Brown; Case Number: 3:16-cr-93-J-32JRK
Defendant's Second Motion To Continue Sentencing Hearing And Motion To Reconsider/Rehear Order Denying Continuance
Page **5** of **6**

that is sufficient, but not greater than necessary, according to the provisions of overall provisions of 18 U.S.C. § 3553(a).

10. Needless to say, the Defense Counsel will need additional time to investigate, examine, and, collate the missing information, in order to be adequately prepared for sentencing and effectively represent the Defendant.

### **RULE 3.01 (g) REQUIREMENT**

11. The undersigned, as counsel for Defendant, Brown, has spoken with Attorney Tyson Duva, AUSA of record, on Monday, October 30, 2017, and the United States objects to the continuance.

12. This Motion is filed in good faith and not for any dilatory nor unnecessary purposes.

**WHEREFORE,** Defendant, respectfully requests that the Court continue the Hearing to a mutually convenient date in February, 2018, and, grant any relief just and equitable.

### **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 31st day of October, 2017, I electronically filed the foregoing document with the Clerk of Court, by using the CM/ECF system which will send a notice of filing to all counsel of record.

Case 3:16-cr-00093-TJC-JRK   Document 209   Filed 10/31/17   Page 6 of 6 PageID 7635

*USA v. Brown*; Case Number: 3:16-cr-93-J-32JRK
Defendant's Second Motion To Continue Sentencing Hearing And Motion To Reconsider/Rehear Order Denying Continuance
Page **6** of **6**

         Respectfully submitted,

         **CPLS, P.A.**
         Attorneys│Consultants│Mediators
         201 E. Pine Street, Suite 445
         Orlando, Florida 32801
         407-647-7887/407-647-5396 (Fax)
         Attorney for Defendant
         CPLS File No. 2349-1

October 31, 2017       /s/ James Smith,III\_\_\_\_
         **James W. Smith III, Esq.**
         Florida Bar No. 96438
         jsmith@cplspa.com