UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                          Case No. 3:16-cr-93-J-32JRK

CORRINE BROWN

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT
CORRINE BROWN'S SECOND MOTION TO CONTINUE
SENTENCING AND MOTION TO RECONSIDER
<u>ORDER DENYING CONTINUANCE</u>**

Corrine Brown's Second Motion to Continue the Sentencing Hearing and Motion to Reconsider the Order Denying the Continuance (Doc. 209) is without merit and should be denied.

The trial ended six months ago, and the Court denied Brown's post-trial motions on August 16, 2017.  Brown has had approximately ninety days to prepare for the sentencing hearing, yet submits a second bare bones motion two weeks prior to the scheduled sentencing.  The motion itemizes general reasons that Brown is not prepared to proceed, but once again provides no specificity.  The motion does not explain why the referenced tasks have not been completed, or what efforts have been made to complete them.  These purported bases for a continuance were available when Brown filed the first motion to continue, yet were not mentioned in the original motion (Doc. 205).  Brown's counsel asserts that he conferred with undersigned counsel before filing the latest motion.  That is untrue.  The first the

government learned of the motion was when Brown filed it.   The government further asserts:

1. On May 11, 2017, the jury convicted Corrine Brown of eighteen felony counts.   Brown filed two post-trial motions, which the Court denied on August 16, 2017.   That same day, the Court set Brown's sentencing hearing on November 16, 2017 at 10:00 am.   Since the date of conviction, Brown has had six months to prepare for sentencing.   The sentencing date was scheduled ninety days from the date the Court denied Brown's motions.

2. Brown's first motion to continue focused on Hurricane Irma (which occurred four months after the jury convicted Brown) allegedly destroying "many of her personal papers and effects," which purportedly precluded Brown from preparing for sentencing.   Brown failed to specify what those papers and effects were.   The Court recognized such in the Order denying the motion and stated, in essence, that if Brown could demonstrate at the sentencing hearing what document or information she was unable to obtain, the Court would take that into consideration at the sentencing hearing (Doc. 207).

3. The same day that Brown filed her second motion to continue, she provided the Probation Officer objections to 103 paragraphs in the Pre-

Sentence Report (PSR). Brown essentially asserts a categorical objection to the information contained in the PSR. The objections lack specificity, are untimely (submitted five days after the due date), and were not provided by Brown to undersigned counsel. Had the Probation Officer not forwarded Brown's objections to the government, undersigned counsel would have had no idea she lodged any objections.

4. Brown alleges in the second motion to continue that she has also failed to seek and obtain whatever medical or emotional evaluations she deems necessary for the Court's consideration. Brown failed to share any of this information (the results of, or anticipated scheduling of, medical or emotional evaluations) with the Probation Officer during the PSR interview.

5. Brown's second motion fails to explain why she has not been able to obtain sufficient evidence of her charitable work. That information should be available from multiple sources. Brown should be able to itemize and proffer concerning her charitable works over the years. The information should also be available from sponsors of such events (or other individuals involved) who Brown can subpoena to the sentencing hearing.

6. The assertion that Brown has not had sufficient time to interview individuals about her good works is also baseless. Brown was convicted

3

six months ago. The undersigned are aware that supporters of the defendant have organized and are prepared to speak and present on her behalf at sentencing. Brown fails to explain the need for specific "interviews" of such individuals, none of whom are identified in the defendant's motion.

7. Brown's claim that she needs time to perform a "statistical analysis, and, comparison of United States Sentencing Commission data on comparable sentences nationwide" also fails. As the Court well knows, statistics concerning sentences and variances in all kinds of cases (including fraud and public corruption cases) are readily available to the Court and parties. If Brown is referring to prior cases involving convictions of Members of the United States House of Representatives and United States Senate in fraud/corruption cases, that information is also readily available. The United States will be prepared to discuss those cases at the sentencing hearing. None of those cases in the last two decades resulted in a sentence of probation, a sentence that Brown admittedly seeks.

8. In sum, this motion is just like the last. The lack of specificity should again result in the denial of a continuance. Brown simply does not wish to appear for sentencing. That is no reason for delay. As the Court aptly held in its order denying the first motion to continue, it is in the interest of

    justice for the sentencing hearing to proceed as scheduled (Doc. 207).

9. As set forth in the response to Brown's original motion to continue, since this Court's August 16, 2017 orders denying Brown's post-trial motions and setting the sentencing hearing on November 16, 2017, significant resources have been devoted to prepare for the sentencing hearing, and that of co-defendant Elias Simmons and co-conspirator Carla Wiley (both scheduled for the prior day).   Brown is the only party who has apparently not abided by the Court's directives.   The government and counsel for Simmons and Wiley timely fulfilled their obligations with respect to PSR objections/comments, and are prepared to proceed as scheduled.

10. Lastly, although Brown's motion (paragraphs 11 and 12) contains the required Local Rule 3.01(g) certification, Brown's counsel never conferred with the undersigned on October 30, 2017 (or at any other time) regarding this motion.   This inaccuracy further undermines the legitimacy of Brown's motion.

5

WHEREFORE, for the reasons stated, this Honorable Court should deny Brown's second motion to continue the sentencing hearing and motion for reconsideration and proceed as scheduled on November 16, 2017.

Respectfully submitted,

W. STEPHEN MULDROW
Acting United States Attorney

/s/ *A. Tysen Duva*
A. Tysen Duva
Assistant United States Attorney
Florida Bar No. 0603511
Michael J. Coolican
Assistant United States Attorney
USA No. 156
300 N. Hogan Street, Suite 700
Jacksonville, Florida 32202
Telephone:   (904) 301-6300
Facsimile:    (904) 301-6310
Tysen.Duva@usdoj.gov
Michael.Coolican@usdoj.gov

ANNALOU TIROL
Acting Chief

/s/ *Eric G. Olshan*
Eric G. Olshan
Public Integrity Section
Criminal Division
United States Department of Justice
1400 New York Ave. NW, Suite 12100
Washington, D.C. 20005
(202) 514-1412
(202) 514-3003 (fax)
Eric.Olshan@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

James Wesley Smith, III (Counsel for Corrine Brown)

Samuel A. Walker (Counsel for Corrine Brown)

*/s/ A. Tysen Duva*
A. Tysen Duva
Assistant United States Attorney
