UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                              CASE NO. 3:16-cr-93-J-32JRK

CORRINE BROWN

**UNITED STATES' MOTION FOR
ENTRY OF ORDER OF FORFEITURE**

The United States moves this Court, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) and Fed. R. Crim. P. 32.2(b)(2), to enter an order of forfeiture in the amount of $664,292.39, representing the amount of proceeds the defendant obtained as a result of her participation in a conspiracy to commit mail and wire fraud, and aiding and abetting mail and wire fraud, which, upon entry, shall become final as to the defendant.   In support thereof, the United States submits the following memorandum of law.

**MEMORANDUM OF LAW**

**I.   Statement of Facts**

1.   On July 6, 2016, a multi-count Indictment was returned. Counts One, Two, Four, Six through Thirteen, Fifteen and Seventeen are pertinent to this motion.   Count One charged the defendant with conspiracy to commit mail fraud and wire fraud, in violation of 18 U.S.C. § 1349. Counts Two, Four, and Six through Eight charged the defendant with aiding

and abetting mail fraud, in violation of 18 U.S.C. 1341.  Counts Nine through Thirteen, Fifteen and Seventeen charged the defendant with aiding and abetting wire fraud, in violation of 18 U.S.C. § 1343.  Doc. 1.  The Indictment contained forfeiture allegations, which noticed the defendant that the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), would seek to forfeit any property, real or personal, which constituted or was derived from proceeds traceable to said violation.  *Id.* at 50.

2.   On April 26, 2017, a jury trial commenced and on May 11, 2017, the jury found the defendant guilty of Counts One, Two, Four, Six through Thirteen, Fifteen and Seventeen, which are pertinent to this motion.  Doc. 133.

3.   The defendant's sentencing hearing is scheduled for November 16, 2017.  Doc. 201.

**II.   Applicable Law**

The Court's authority to order forfeiture of property upon conviction of a conspiracy, in violation of 18 U.S.C. § 1349, to commit mail and wire fraud, aiding and abetting mail fraud, in violation of 18 U.S.C. § 1341, and aiding and abetting wire fraud, in violation of 18 U.S.C. § 1343, is found in 18 U.S.C. § 981(a)(1)(C), which provides for the civil forfeiture of any property, real or

personal, which constitutes or is derived from proceeds traceable to any offense constituting "specified unlawful activity" as defined in 18 U.S.C. § 1956(c)(7), or a conspiracy to commit such offense.  18 U.S.C. § 981(a)(1)(C).  The term "specified unlawful activity" includes offenses listed in 18 U.S.C. § 1956(c)(7).  That statutory definition includes wire fraud and mail fraud.  *See* 18 U.S.C. § 1956(c)(7)(A).

Although 18 U.S.C. § 981(a)(1)(C) is a civil forfeiture statute, 28 U.S.C. § 2461(c) authorizes the criminal forfeiture of any property that can be forfeited civilly using the procedures for the criminal forfeiture and disposition of property set forth in 21 U.S.C. § 853.  Section 853(a) provides that any person convicted of a pertinent offense "shall forfeit to the United States," among other things, "property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation."

### III.   Evidence Established at Trial

On May 11, 2017, the defendant was found guilty of Counts One (conspiracy to commit mail fraud and wire fraud), Two, Four, Six through Eight (aiding and abetting mail fraud), Nine through Thirteen, Fifteen and Seventeen (aiding and abetting wire fraud) of the Indictment.  Doc. 133.  The trial evidence established, in pertinent part, that the defendant conspired with others to fraudulently solicit and receive hundreds of thousands of dollars

in contributions, donations, and payments to One Door For Education based on false pretense that the funds would be used for charitable and other purposes, and instead, used the majority of the funds for personal and professional benefit. Despite taking in thousands of dollars in donations, One Door for Education distributed only two scholarships to students. Many of the donations were transmitted via the United States Postal Service or Federal Express, or deposited via wire communication.

## IV.   Conclusion

WHEREFORE, the United States requests that this Court enter an Order of Forfeiture against the defendant in the amount of $664,292.39, which represents the amount of proceeds the defendant obtained as a result of her participation in a conspiracy to commit mail and wire fraud, and aiding and abetting mail and wire fraud, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and Rule 32.2(b)(2), Federal Rules of Criminal Procedure.

The defendant should be held liable individually for the sum of $664,292.39; however, the United States will not collect more than the collective sum of $654,292.39 from the defendant and her co-conspirators Elias Simmons and Carla Wiley. The United States will not collect more than the additional sum of $10,000.00 (for a collective total amount of $664,292.39) from the defendant and co-conspirator Elias Simmons.

Further, since the actual proceeds are no longer available as indicated by the defendant's Pre-Sentence Investigation Report, the United States is entitled to forfeiture of substitute property, pursuant to 21 U.S.C. § 853(p), up to the value of the proceeds.

As required by Rule 32.2(b)(4)(B), the United States further requests that the Court include the forfeiture when orally announcing the sentence, and include the forfeiture order in the judgment. *See United States v. Kennedy*, 201 F.3d 1324, 1326 (11th Cir. 2000) and Fed. R. Crim. P. 32.2(b)(4)(A) and (B).

The United States further requests that the Court retain jurisdiction to address any third party claim that may be asserted in these proceedings, to enter any further order necessary for the forfeiture and disposition of such property, and to order any substitute asset forfeited to the United States up to the amount of the forfeiture order.

    Respectfully submitted,

    W. STEPHEN MULDROW
    Acting United States Attorney

By:   *s/ Bonnie A. Glober*
    BONNIE A. GLOBER
    Florida Bar No. 0748307
    Assistant United States Attorney
    300 N. Hogan Street, Suite 700
    Jacksonville, Florida 32202
    Telephone: (904) 301-6300
    Facsimile:   (904) 301-6310
    E-mail: bonnie.glober@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

      James W. Smith, III, Esquire
      Samuel A. Walker, Esquire

      By:    *s/ Bonnie A. Glober*
                BONNIE A. GLOBER
                Assistant United States Attorney