UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                                CASE NO. 3:16-cr-93-J-32JRK

ELIAS SIMMONS

**UNITED STATES MOTION FOR
ENTRY OF ORDER OF FORFEITURE**

The United States moves this Court, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) and Fed. R. Crim. P. 32.2(b)(2), to enter an order of forfeiture in the amount of $760,292.39, representing the amount of proceeds the defendant obtained as a result of his participation in a conspiracy to commit mail and wire fraud, and aiding and abetting theft of government funds, to which he pled guilty.

The United States further asks that, in accordance with his Plea Agreement, the order of forfeiture become final as to the defendant at the time it is entered.  Doc. 96, p. 9.  In support thereof, the United States submits the following memorandum of law.

**MEMORANDUM OF LAW**

I.   **Statement of Facts**

1.   On July 6, 2016, a multi-count Indictment was returned.  Counts One and Eighteen are pertinent to this motion.  Count One charged the

defendant with conspiracy to commit mail fraud and wire fraud, in violation of 18 U.S.C. § 1349, 1343 and 1341.  Count Eighteen charged the defendant with aiding and abetting theft of government funds, in violation of 18 U.S.C. § 641.  Doc. 1.  The Indictment contained forfeiture allegations, which noticed the defendant that the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), would seek to forfeit any property, real or personal, which constituted or was derived from proceeds traceable to said violation.  *Id.* at 50.

2.  On February 8, 2017, the defendant pled guilty to Counts One and Eighteen of the Indictment before United States Magistrate Judge James R. Klindt, who recommended that the defendant's plea be accepted.  Docs. 96, 97.  On August 16, 2017, United States District Judge Timothy J. Corrigan accepted the defendant's plea, adjudicated him guilty, and set his sentencing hearing for November 15, 2017.  Doc. 202.

3.  In paragraph 11 of his Plea Agreement, the defendant agreed to forfeit all property subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).  Doc. 96.

II.  **Applicable Law**

The Court's authority to order forfeiture of property for a conspiracy, in violation of 18 U.S.C. § 1349, to commit mail fraud, in violation of 18 U.S.C.

§ 1341, and wire fraud, in violation of 18 U.S.C. § 1343, is found in 18 U.S.C. § 981(a)(1)(C), which provides for the civil forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable to any offense constituting "specified unlawful activity" as defined in 18 U.S.C. § 1956(c)(7), or a conspiracy to commit such offense. 18 U.S.C. § 981(a)(1)(C). The term "specified unlawful activity" includes offenses listed in 18 U.S.C. § 1956(c)(7). That statutory definition includes mail and wire fraud, and theft of government funds. *See* 18 U.S.C. § 1956(c)(7)(A) and (D).

Although 18 U.S.C. § 981(a)(1)(C) is a civil forfeiture statute, 28 U.S.C. § 2461(c) authorizes the criminal forfeiture of any property that can be forfeited civilly using the procedures for the criminal forfeiture and disposition of property set forth in 21 U.S.C. § 853. Section 853(a) provides that any person convicted of a pertinent offense "shall forfeit to the United States," among other things, "property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as a result of such violation."

III.   **Factual Basis**

On pages 21 through 48 of his Plea Agreement, the defendant admitted, among other things, that he conspired with others to fraudulently solicit and receive hundreds of thousands of dollars in contributions, donations, and payments to One Door For Education based on false pretense that the funds

would be used for charitable and other purposes, and instead, used the majority of the funds for personal and professional benefit. Despite taking in thousands of dollars in donations, One Door for Education distributed only two scholarships to students. Many of the donations were transmitted via the United States Postal Service or Federal Express, or deposited via wire communication.

In addition, the United States House of Representatives disbursed compensation to an individual described as Person C. The defendant orchestrated Person C becoming a listed employee with co-conspirator Corrine Brown's congressional office for the purpose of misappropriating Person C's salary for his and Person C's personal benefit. At no time did Person C perform legitimate work for Brown's congressional office or the House of Representatives. The defendant used for his personal benefit, the funds disbursed to Person C by the United States House of Representatives.

## IV.   Conclusion

WHEREFORE, the United States requests that this Court enter an Order of Forfeiture against the defendant in the amount of $760,292.39, which represents the amount of proceeds the defendant obtained as a result of the conspiracy to commit mail and wire fraud, and aiding and abetting theft of

government funds, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and Rule 32.2(b)(2), Federal Rules of Criminal Procedure.

The defendant should be held liable individually for the sum of $760,292.39; however, the United States will not collect more than the collective sum of $654,292.39 from the defendant and his co-conspirators Corrine Brown and Carla Wiley for their participation in a conspiracy to commit mail and wire fraud.  The United States will not collect more than the additional collective sum of $10,000.00 (for a collective total amount of $664,292.39 for the conspiracy to commit mail and wire fraud) from the defendant and co-conspirator Corrine Brown.  Finally, the defendant should be held liable individually for the additional sum of $96,000.00 which is attributable to the defendant's participation in aiding and abetting the theft of government funds to which he also pled guilty.

Further, since the actual proceeds are no longer available as indicated by the defendant's Pre-Sentence Investigation Report, the United States is entitled to forfeiture of substitute property, pursuant to 21 U.S.C. § 853(p), up to the value of the proceeds.

The United States further requests in accordance with his Plea Agreement the order of forfeiture become final as to the defendant at the time it is entered. Doc. 96, p. 9.

As required by Rule 32.2(b)(4)(B), the United States further requests that the Court include the forfeiture when orally announcing the sentence, and include the forfeiture order in the judgment.  *See United States v. Kennedy*, 201 F.3d 1324, 1326 (11th Cir. 2000) and Fed. R. Crim. P. 32.2(b)(4)(A) and (B).

The United States further requests that the Court retain jurisdiction to address any third party claim that may be asserted in these proceedings, to enter any further order necessary for the forfeiture and disposition of such property, and to order any substitute asset forfeited to the United States up to the amount of the forfeiture money judgment.

                Respectfully submitted,

                W. STEPHEN MULDROW
                Acting United States Attorney

By:   *s/ Bonnie A. Glober*
      BONNIE A. GLOBER
      Assistant United States Attorney
      Florida Bar No. 0748307
      300 North Hogan Street, Suite 700
      Jacksonville, Florida 32202-4270
      Telephone:  (904) 301-6300
      Facsimile:   (904) 301-6310
      E-mail:   bonnie.glober@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 9, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Anthony Suarez, Esquire

By: *s/ Bonnie A. Glober*
BONNIE A. GLOBER
Assistant United States Attorney