# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

**UNITED STATES OF AMERICA**

v

**CORRINE BROWN**

Case Number: 3:16-cr-93-J-32JRK

USM Number: 67315-018

James Wesley Smith, III , Retained
Suite 445
201 E Pine St
Orlando, FL 32801

## JUDGMENT IN A CRIMINAL CASE

The defendant was found guilty of Counts One, Two, Four, Six, Seven, Eight, Nine, Ten, Eleven, Twelve, Thirteen, Fifteen, Seventeen, Nineteen, Twenty-One, Twenty-Two, Twenty-Three and Twenty-Four (1, 2, 4, 6, 7, 8, 9, 10, 11, 12, 13, 15, 17, 19, 21, 22, 23 & 24) of the Indictment. The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 1349, 1343 and 1341 | Conspiracy to Commit Mail and Wire Fraud | 2016 | 1 |
| 18 U.S.C. §§ 1341 and 2 | Aiding and Abetting Mail Fraud | 2016 | 2, 4, 6, 7 & 8 |
| 18 U.S.C. §§ 1343 and 2 | Aiding and Abetting Wire Fraud | 2016 | 9, 10, 11, 12, 13, 15 & 17 |
| 18 U.S.C. § 1001(a)(1) | Scheme to Conceal Material Facts | 2016 | 19 |
| 26 U.S.C. § 7212(a) | Corrupt Endeavor to Obstruct and Impede the Due Administration of the Internal Revenue Laws | 2016 | 21 |
| 26 U.S.C. § 7206(1) | Filing False Individual Tax Return | 2016 | 22, 23 & 24 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

The defendant has been found not guilty as to Counts Three, Five, Fourteen and Sixteen (3, 5, 14 & 16) of the Indictment.

**IT IS ORDERED** that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence:
December 4, 2017

_/s/ Timothy J. Corrigan_
TIMOTHY J. CORRIGAN
UNITED STATES DISTRICT JUDGE
December 6, 2017

Corrine Brown
3:16-cr-93-J-32JRK

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **SIXTY (60) MONTHS on each of Counts One, Two, Four, Six, Seven, Eight, Nine, Ten, Eleven, Twelve, Thirteen, Fifteen, Seventeen and Nineteen (1, 2, 4, 6, 7, 8, 9, 10, 11, 12, 13, 15, 17 & 19) of the Indictment; and, THIRTY SIX (36) MONTHS on each of Counts Twenty One, Twenty Two, Twenty Three and Twenty Four (21, 22, 23 & 24) of the Indictment; such terms to run concurrently, FOR A TOTAL TERM OF SIXTY (60) MONTHS.**

The Court recommends to the Bureau of Prisons:

- Incarceration as close to Jacksonville, Florida, as possible.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons as notified by the United States Marshal. **Report date shall not be earlier than January 8, 2018.**

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____
Deputy U.S. Marshal

AO 245B (Rev. 11/16) Judgment in a Criminal Case

Corrine Brown
3:16-cr-93-J-32JRK

# SUPERVISED RELEASE

Upon release from imprisonment, defendant will be on supervised release for a term of **THREE (3) YEARS as to each of Counts One, Two, Four, Six, Seven, Eight, Nine, Ten, Eleven, Twelve, Thirteen, Fifteen, Seventeen and Nineteen (1, 2, 4, 6, 7, 8, 9, 10, 11, 12, 13, 15, 17 & 19) of the Indictment; and, ONE (1) YEAR as to each of Counts Twenty One, Twenty Two, Twenty Three and Twenty Four (21, 22, 23 & 24) of the Indictment; such terms to run concurrently, FOR A TOTAL TERM OF THREE (3) YEARS.**

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse.
4. You must cooperate in the collection of DNA as directed by the probation officer.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

The defendant shall also comply with the additional conditions on the attached page.

AO 245B (Rev. 11/16) Judgment in a Criminal Case

Corrine Brown
3:16-cr-93-J-32JRK

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within **72 hours**.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchucks or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature:_____     Date:_____

AO 245B (Rev. 11/16) Judgment in a Criminal Case

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1. Defendant shall provide the probation officer access to any requested financial information.

2. Defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or obligating yourself for any major purchases without approval of the probation officer.

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments set forth in the Schedule of Payments.

|  | Assessment | JVTA Assessment [1] | Fine | Restitution |
|---|---|---|---|---|
| TOTALS | $1,800.00 | $0 | $0 | $515,166.86 |

The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | Total Loss[**] | Restitution Ordered | Priority of percentage |
|---|---|---|---|
| Internal Revenue Service<br>RACS, Attn: Mail Stop 6261<br>Restitution<br>333 W. Pershing Avenue<br>Kansas City, MO 6410 | $62,650.99 | $62,650.99 | |
| Clerk, U.S. District Court[2] | $452,515.87 | $452,515.87 | |

## SCHEDULE OF PAYMENTS

The Special Assessment in the amount of **$1,800.00** is due in full and immediately.

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

- Restitution to be paid with $250.00 monthly installments, the first payment being due sixty (60) days from the date of release from custody. This payment schedule shall continue unless the victim, the government, or the defendant, notifies the Court of a material change in the defendant's ability to pay and the Court modifies the schedule. The Court finds that the defendant does not have the ability to pay interest and the Court waives the interest requirement for the restitution.

- Out of the $250.00 monthly payment, $50.00 shall be applied to the amount owed to the Internal Revenue Service and $200.00 shall be payable to the Clerk, U.S. District Court.

---

[1] Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
[**] Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.
[2] The Court will determine how these payments should be distributed at a later time.

AO 245B (Rev. 11/16) Judgment in a Criminal Case

Corrine Brown
3:16-cr-93-J-32JRK

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

**Joint and Several**

Restitution in the amount of $452,515.87 shall be paid jointly and severally with co-defendant, Ronnie E. Simmons, and Carla Wiley in related case no. 3:16-cr-34-J-32JRK.

**FORFEITURE**

- **Order of Forfeiture and Restitution entered on December 4, 2017.**